IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN.

LYRON WILSON

    Plaintiff

V.                                          Case No. **21-CV-0679.**

TYLER HAMEL, AND
REED STUVE,

    Defendants

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF HIS
MOTION TO SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION
TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.**

Submitted By:

**LYRON WILSON**
Plaintiff, Pro-Se.

Wisconsin Resource Center
1300 South Drive
Winnebago, WI. 54985

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN.

LYRON WILSON

    Plaintiff

V.

    Case No. **21-CV-0679.**

TYLER HAMEL, AND
REED STUVE,

    Defendants

FILED/REC'D
2023 OCT 26 A 10:21
CLERK OF COURT
U.S. DISTRICT COURT
WD OF WI

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF HIS
MOTION TO SUMMARY JUDGMENT AND RESPONSE IN OPPOSITION
TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.**

COMES NOW, the Plaintiff, **Lyron Wilson**, proceeding herein Pro-Se, with his Reply in Support of his Motion for Summary Judgment and Response in opposition to Defendants Motion for Summary Judgment in the above-entitled case.

### ISSUES PRESENTED.

1. THE UNDISPUTED EVIDENCE SHOW WILSONS' CLAIM MEETS THE "IMMINENCE REQUIREMENT FOR FAILURE TO PREVENT SELF-HARM CLAIMS.

2. WILSON IS ENTITLED TO SUMMARY JUDGMENT AS THERE IS NO GENUINE DISPUTE OF MATERIAL FACT SHOWING DEFENDANTS FAILED TO TAKE ANY REASONABLE STEPS TO PREVENT HIM FROM COMMITTING IMMINENT SELF-HARM.

    (a) The undisputed facts show Wilson first directly informed CO Stuve on two occasions that he imminenely intended to commit self harm and no reasonable actions were take to prevent it.

3 DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY AS THE LAW TO PREVENT PRISONS FROM COMMITTING SELF-HARM ARE CLEARLY ESTABLISHED.

-1-

## ARGUMENT.

### 1. The Undisputed facts show Wilson's claim meets the "Imminence" standard announced in this Circuits recent decisions in both "Johnson" and "Wright".

Defendants cite two recent 7th Circuit decisions which appear to establish a "new" standard for establishing a failure to prevent self harm claims. However, the undisputed facts in the present case meets this standard and show Wilson is entitled to Summary Judgment.

Defendants makes several statements which are not supported by the Evidence. Specifically, they contend Wilson did not make any threats to imminently seek self harm prior to taking any pills. (Def. Br. at 8).

Additionally Defendant contend "after Wilson did not get the attention that [he] wanted, [he] yelled, and allegedly took the pills. [A]t no time prior did he state to the Defendants that [he] was suicidal or contemplating self-harm". And "Immediately upon learning that [Wilson] claimed to have taken an excessive amount of pills, [CO Hamel] told him to lock in his cell, and CO Hamel immediately notified a supervisor". Id. at 9. None of the Undisputed facts support this version of events.

-2-

Contrary to Defendants assertions, the Evidence show as CO Stuve was passing out lunch bags and arrived at Wilson Door, Wilson first indicated he wanted to see someone about a "Health Issue" and that it was urgent. (Resp. PFOF at 2). CO Stuve then indicated he was passing out lunch and this was not a good time. Id. at 3.

However Defendants omits at that time after CO Stuve indicated he could not speak to Wilson because he was passing out lunch bags, Wilson said "OK, fuck it, I'm going to go ahead and kill myself, at which time, he (Stuve) "looked up and saw Wilson drink something out of an improvised cup". (Decl. Reed Stuve at ¶11). However, he further avers that Wilson did not state to him what was in the improvised cup or what he meant when he said "fuck it". Id. at 12. This version of the facts are disputed and shown to be contrary to the evidence.

The evidence show after Wilson exited his cell and held up a pill bottle and yelled he just took 200 pills, Stuve allegedly immediately stated to Hamel "...he only had a couple of pills in his cell". (Pl. Resp. DPFOF at 15).

So how could Stuve make such a statement to Hamel if he "did not know what Wilson had "drank out of an improvised cup"?

-3-

Secondly, Wilson avers at that time, he directly stated to Stuve not only "Fuck it", but further stated he intended to commit self-harm before he took the pills. (**Supp. Declaration Wilson at ¶4**).

After Stuve ignored Wilsons' first attempt at self harm and Stuve instead, shut his door and continued to pass out lunch bags, Wilson began to yelled out his door that he was going to kill himself and took and additional 200 pills and then exited his cell and held up the pill bottle stating he had just took the 200 pills. (**PFOF at 6**). Defendant contend at that time they "Immediately stopped lunch and CO Hamel immediately walked over tot he C Wing of the housing Unit and informed their supervisor, Sergeant Timothy Gronski, what had happened", (**Stuve Decl. ¶17**). But this sequent of events are not supported by the undisputed facts and evidence.

Defendants goes on to make the argument that either they did not hear Wilson make any such threats of self harm when Stuve spoke to him the first time, or after as he was yelling out his door. (**Stuve Decl. ¶15**). This too is contrary to the Undisputed facts and evidence, as Defendants goes on to indicate "Wilson then yelled that [he] had just taken 200 iduprofen pills [and] that now CO Stuve and [I] had to speak with him". (**Decl. Tyler Hamel at ¶15**).

-4-

As such, considering these Undisputed facts and evidence, its' clear Defendants would be on Notice that Wilson imminently intended to commit self harm.

2. <u>The Evidence and Undisputed facts establish Wilson is Entitled to Summary Judgment:</u>

In Response to Wilson's claim Defendants makes two Defenses. (2) That if Wilson did give them notice he imminently intended to commit self harm, they did not hear him, or (2), once they became aware of any intention to self harm, they took immediate actions. Each of these contentions will be addressed Separately.

<u>CO Stuve:</u>

He avers the following:

1. I was passing out meals from a cart to inmates housed in their cells. [W]hen [I] opened Wilson's cell door, I heard him say something, but [I] could not clearly make out what he said because of the noise coming from Wilson's cell and from the cell block". (Def. Br. at 2).

-4-

Wilson avers it was at that time he directed stated to Stuve "Fuck it, since you will not see what I needed to talk to you about, I'm going to kill myself, and took a improvised cup with pills in it and swallowed them. (Supp. Decl. Lyron Wilson at ¶4). The averment that CO Stuve "did not hear clearly what Wilson said is unreasonable to infer because at the time, there was no noise on the unit [or] coming from Wilson's cell. Id.

Secondly, it appear as an alternative argument, Defendant contend, when he did learn Wilson had or intended to commit self-harm, they " ... stopped serving lunch [and] CO Hamel immediately walked over to the C-Wing of the housing unit and informed [our] supervisor, Sergeant Timothy Gronski what had just happened". (Decl Tyler Reed, at ¶17.). But here again, the undisputed facts and evidence do not support this assertion.

Instead, it shows Wilson exited his cell and held up a pill bottle and stated ... I just took all these pills and CO shouted to him to "Go lock in". they did not take any actions at that point, but instead, it was only *after* Wilson's cell mate exited the cell and inform Defendants that Wilson did in fact swallow not only the pills, but also drank some cleaning solution. (Decl. Tyler Hamel at ¶¶19-20).

Thus, the contention there was no time for him to take any reasonable steps to prevent Wilson from committing self-harm is not supported by the Undisputed facts and as such, Wilson is entitled to summary judgment.

**CO Hamel**

His argument revolves around his contention he "never heard Wilson make any statements of threatening to commit self harm while CO Stuve was conversing with Wilson at Wilson's door. (Decl. Tyler Hamel ¶¶1-20).

Wilson would argue this too would be an unreasonable inference to conclude as a undisputed fact, because at the time, the living unit was on a modified movement, which meant no inmates were allowed out of their rooms and the Unit was completely quite. (Supp. Lyron Wilson ¶¶1-3).

As such, at most, this presents a disputed material fact in which a Jury could conclude in Wilson's favor.

3. <u>Defendants are not entitled to Qualified Immunity as the Laws of Preventing Prisons from Self harm are clearly Established.:</u>

Lastly, Defendants contend "Although "Johnson [and] Wright" are not precedenial holding, [they] are strong evidence that it was not clearly established that [D]efendats conduct violated the [Eighth Amendment because [Wilson] did not threaten imminent self-harm". (**Def. Br.** at 12). This argument has no merit.

-7-

Courts have repeatedly recognized a Jail or Prison Officials failure to protect an inmate from self harm as one way of establishing deliberate indifference of a serious medical need. See, **/estate of Miller, ex Rel, Bertran V. Tobias**, 680 F. 3d. 984,989-90 (7th Cir. 2012); **Collins V. Seeman**, 462 F. 3d. 757, 760-61 (7th Cir. 2006).Also see, **Matos V. Sullivan**, 335 F. 3d. 553 (7th Cir. 2003)("Defs must be aware of the significant -likkelihood that an inmate may [Imminently] seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing the act").

Thus, this Court has long ago required an "Imminent" showing for violation of self-harm claims and nonetheless, Wilson has meet that requirement.

As such, Defendants are not entitled to any Qualified Immunity.

## CONCLUSION.

**WHEREFORE**, Plaintiff Respectfully move that the Court **DENY** Defendants Motion for Summary Judgment, and **GRANT** Plaintiff's motion for Summary Judgment, or, **Partially Grant** Summary Judgment against Defendant CO Stuve, and **Deny** Summary Judgment against CO Hamel and set the matter for trial by Jury.

Respectfully Submitted

Dated this 18 Day of Oct. 2023.

*Lynn Wilson*

Plaintiff, Pro-Se.

Wisconsin Resource Center

1300 South Drive

Winebago, WI. 54985.